# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF MARYLAND

ELIJAH GATSON, *et al.*,

    *Plaintiffs,*

    v.

BROOKS SECURITY CONSULTANT
GROUP, LLC, *et al.*,

    *Defendants*

Case No. 24-cv-02248-ABA

## MEMORANDUM OPINION

A group of former employees of Defendant Brooks Security Consultant Group, LLC (d/b/a Police Security Group) ("Brooks Security") has sued Defendants Brooks Security, William Brooks, and Kedrick Scribner for failure to pay overtime wages. Despite multiple extensions granted by the Court, Defendants have not responded to most of Plaintiffs' interrogatories and discovery requests since April 2025. Plaintiffs now move for default judgment as a sanction for Defendants' discovery violations. For the following reasons, the motion will be granted in part and denied in part.

## I.    BACKGROUND

### A.    Factual Background

Plaintiffs are the following former employees of Brooks Security: Elijah Gatson, Erika Chester, Taikiena Holman, Charles Jackson, III, Patrick Rooney, Jr., Sheena Montague, Timothy Brown, Charles Jackson, Jr., Kayias Johnson, Mardell Gatson, Devin Reynolds, Javier Pretto, Jabree Langhorn, Tyi'Sean Moore, Eric Black, and Teya Washington. ECF No. 12 at 2. They assert that Defendants employed them as security guards for their clients' facilities between October 2021 and April 2025. *Id*. ¶ 15; ECF No. 63-1 at 10.

1

Defendant Brooks played a key part in the employment process. ECF No. 12 ¶ 17. He interviewed, hired, scheduled, and promoted Plaintiff Gatson and acted in a similar role with respect to other plaintiffs. *Id.* Plaintiffs allege that, despite Defendants acting in a supervisory role to Plaintiffs and Plaintiffs not holding themselves out as independent contractors, Defendants incorrectly described them as independent contractors instead of employees. *Id.* ¶¶ 19–25. Plaintiffs allege that they worked more than 40 hours per week on multiple occasions and only received straight pay instead of overtime pay for their excess hours. *Id.* ¶¶ 27–30. Plaintiffs allege that Defendants willfully or "with reckless disregard for whether their conduct was prohibited" avoided paying proper overtime wages as required by the Fair Labor Standards Act ("FLSA"), the Maryland Wage and Hour Law ("MWHL"), and the Maryland Wage Payment and Collection Law ("MWPCL"). *Id.* ¶¶ 52–65; ECF No. 63-1 at 2.

### B.   Procedural History

Plaintiffs served Defendant Scribner with the amended complaint on September 5, 2024, thus requiring him to file responsive pleadings by September 26, 2024. ECF No. 15; *see* Fed. R. Civ. P. 12(a)(1)(A)(i). Plaintiff served Defendant Brooks Security on October 22, 2024, requiring Defendant Brooks Security to file responsive pleadings by November 12, 2024. ECF No. 18; *see* Fed. R. Civ. P. 12(a)(1)(A)(i). Once those deadlines passed without anything filed by Defendants, Plaintiffs filed Motions for Clerk's Entry of Default against Defendants Brooks Security and Scribner, which were granted on November 14, 2024. ECF Nos. 21, 22, 24. The Court vacated default on December 31, 2024, with the consent of Plaintiffs, after Defendants agreed to cooperate in discovery matters. ECF Nos. 32, 33; ECF No. 63-1 at 2.

After Defendants filed an answer, the Court issued a Scheduling Order, which required Defendants' Rule 26(a)(2) disclosures to be served on Plaintiffs by May 6, 2025 and that discovery be completed by June 20, 2025. ECF Nos. 34, 39. Defendants, however, failed to respond to Plaintiffs' discovery requests, despite Plaintiffs following up with Defendants multiple times, Defendants acknowledging their obligation to respond, and Defendants apologizing for the delays. ECF No. 44; ECF No. 63-1 at 3.

On May 27, 2025, in Plaintiffs' notice to the Court regarding a discovery dispute, Plaintiffs noted that they understood their right to move for Rule 37(d) sanctions, which included the right to move for default judgment as a sanction. ECF No. 44. However, Plaintiffs wished to "exhaust all efforts to resolve this discovery dispute before doing so." ECF No. 63-1 at 4. At that time, Defendants were still represented by counsel. Plaintiffs' and Defendants' counsel met for a discovery conference and Defendants agreed to respond to Plaintiffs' discovery requests by July 31, 2025. *Id.* Defendants' counsel provided some of the documents requested by that deadline, but not all. *Id.* For this reason, Plaintiffs consented to extend the deadline to respond to outstanding discovery requests until November 6, 2025, and to extend the deadline for discovery until December 15, 2025, which the Court granted. *Id.*; ECF Nos. 61–1, 62. Plaintiffs' counsel sent another email to Defendants' counsel on October 14, 2025, warning Defendants that if Plaintiffs did not receive responses or a "good faith movement in terms of settlement" by November 6, 2025, Plaintiffs would not extend the discovery deadlines further and would move for sanctions and default judgment. ECF No. 63-1 at 4 (citing ECF No. 63-10).

Defendants failed to meet the November 6, 2025 deadline or otherwise participate in this litigation. *Id.* at 5. After many emails to Defendants' counsel,

3

Defendants have still not provided the requested discovery documents. *Id.* Plaintiffs ultimately filed a Motion for Sanctions and Default Judgment under Federal Rule of Civil Procedure 37 on November 20, 2025. ECF No. 63.

In their motion, Plaintiffs allege that, as the case continued, Defendants ceased responding to discovery requests that were more than seven months past due. ECF No. 63-1 at 4–5. Plaintiffs contend they are entitled to default judgment because Defendants have failed to respond to Plaintiffs' interrogatories and discovery requests and violated court orders, which has hindered Plaintiffs from advancing their case, a failure Plaintiffs contend is the product of bad faith. *Id.* at 5–6, 13. Plaintiffs also argue that default judgment should be granted as a sanction because there is a strong need for deterrence of this kind of behavior and less drastic sanctions would not be effective. *Id.* at 6–7. Plaintiffs seek three times the amount of the owed overtime pay ("treble damages") and attorneys' fees and costs. *Id.* at 10–12.

After Plaintiffs filed the motion for sanctions, Defendants' counsel filed a motion to withdraw, based on Defendants' failure to pay legal fees and their "refus[al] to adhere to Albers & Associates, LLC's advice." ECF No. 66. The Court granted the motion to withdraw, ECF No. 67, and no counsel has filed an appearance as substitute counsel. Thus, since December 17, 2025, Defendants have been unrepresented by counsel. Moreover, despite parties being under an obligation to update their contact information with the Clerk's office, *see* Loc. R. 102(1)(b)(iii), the Court's multiple attempts to send orders to Defendants have resulted in the mail being returned as undeliverable with respect to Defendants Brooks Security and William Brooks. ECF Nos. 49, 50, 70, 71. The mail to Defendant Scribner has not been returned undeliverable and thus appears to have been successfully delivered.

4

The Court held a hearing on the sanctions motion on February 4, 2026. ECF No. 73. None of the Defendants appeared for the hearing. *Id.*

## II.   STANDARD OF REVIEW

Federal Rule of Civil Procedure 55(a) provides that "[w]hen a party . . . has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." But Rule 55(a) only applies when a party fails to plead or defend at all. *Id.* If a party does plead or defend, the opposing party can move for default judgment as a sanction pursuant to Federal Rule of Civil Procedure 37.

Under Rule 37, if a party fails to obey a discovery order while an action is pending, fails to provide information as required by Rule 26(a), or fails to serve answers to interrogatories, the court may take a number of actions, including "rendering a default judgment against the disobedient party" or ordering the party to "pay the reasonable expenses, including attorney's fees, caused by the failure." Fed. R. Civ. P. 37(b)(2)(A)(vi), (c)(1)(C), (d)(1)(A)(ii), (d)(3). A motion for default judgment as a sanction "must include a certification that the movant has in good faith conferred or attempted to confer" with the noncomplying party. Fed. R. Civ. P. 37(a)(1). A good faith attempt to confer can be shown through "a genuine attempt to resolve the discovery dispute through non-judicial means." *Patrick v. Teays Valley Trs., LLC*, 297 F.R.D. 248, 267 (N.D. W. Va. 2013) (citations omitted). A written certification or affidavit of a good faith effort to confer is not needed, so long as the movant "describe[s] its attempt to discuss the matter at issue with the party it seeks to compel." *Parker v. United States*, Case No. 16-cv-1052-JPM, 2016 WL 7383833, at *1 (D. Md. Dec. 20, 2016); *see also Kegege v. Namesilo LLC*, Case No. 20-cv-1066-TDC, 2024 WL 1299998, at *5 (D. Md.

Mar. 27, 2024) (holding that when a plaintiff served a subpoena to defendant and defendants failed to respond, plaintiff sufficiently showed a good faith effort to confer).

The district court has "wide discretion to impose sanctions for a party's failure to comply with its discovery orders." *Mut. Fed. Sav. & Loan Ass'n v. Richards & Assocs., Inc.*, 872 F.2d 88, 92 (4th Cir. 1989). But that discretion is narrower concerning a sanction of default judgment. *Id.* (citing *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 503–04 (4th Cir. 1977), *cert. denied*, 434 U.S. 1020 (1978)).  The court must balance its interest in enforcing discovery orders with a defendant's interests in "trial by jury and a fair day in court." *Id.* (citing *Wilson*, 561 F.2d at 503–04). Because the sanction of default judgment is so severe, courts do not use this sanction to rule on the merits when a party has only "general[ly] misbehav[ed]," but instead reserve it for the most "flagrant case[s]," where the compliant party's rights may be affected or where noncomplying parties have acted with "callous disregard" to their professional obligations. *Wilson*, 561 F.2d at 504; *see Nat'l Hockey League v. Metro. Hockey Club Inc.*, 427 U.S. 639, 643 (1976)).

## III.   DISCUSSION

There can be no serious dispute that Defendants have violated their obligations to defend this case on the merits and specifically to respond to discovery requests. The question presented by Plaintiffs' motion for default judgment is whether Plaintiffs have shown that the severe sanction of default judgment is justified. For the following reasons, the Court concludes that Plaintiffs are entitled to default judgment as a sanction for Defendants' discovery violations.

### A.   Whether Plaintiffs are entitled to default judgment

Although Plaintiffs have not included an actual certification of good faith attempts to confer with Defendants, Plaintiffs did include evidence of emails sent to Defendants following up on discovery requests and stating their intent to file a motion for default judgment as a sanction if they did not adequately participate in discovery. ECF No. 63-1 at 4; ECF 63-10 at 2. Plaintiffs sent 8 emails to opposing counsel between February 24, 2025 and October 14, 2025, with most of the emails sent between April 7 and May 22. ECF Nos. 63-5–63-10. Time between emails from Plaintiffs' counsel ranged between 6 and 145 days, with longer stretches of time when Defendants' counsel changed. *Id.* This constitutes a sufficient good faith attempt to confer with Defendants. *See Kidwiler*, 192 F.R.D. at 197–198.

Whether Plaintiffs are entitled to default judgment as a sanction also depends on "(1) whether the noncomplying party acted in bad faith; (2) the amount of prejudice [the] noncompliance caused [the] adversary, which necessarily includes an inquiry into the materiality of the evidence he failed to produce; (3) the need for deterrence of the particular sort of noncompliance; and (4) the effectiveness of less drastic sanctions." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92; *see also Wilson,* 561 F.2d at 503–04. A court considering imposing default judgment as a sanction generally should provide an "explicit and clear" warning to the noncomplying party before doing so. *Marsh v. Bottoms Up Gentlemen's Club, LLC*, Case No. 23-cv-1157-EA, 2025 WL 744067, at *2 (D. Md. Mar. 7, 2025) (citing *Malhotra v. KCI Techs., Inc.*, 240 Fed. App'x 588, 590 (4th Cir. 2007); *Hathcock v. Navistar Int'l Transp. Corp.*, 53 F.3d 36, 40 (4th Cir. 1995); *Mey v. Phillips*, 71 F.4th 203, 218 (4th Cir. 2023)).

### i.   Defendants acted in bad faith when they failed to abide by discovery requests

Here, as in *Marsh*, Defendants have failed to abide by multiple discovery deadlines provided in the Federal Rules of Civil Procedure and Court orders. *See Marsh*, 2025 WL 744067, at *3. Defendants failed to abide by each of the discovery deadlines, even though Plaintiffs agreed to extend the deadlines twice, for a combined extension of four and a half months.[1] ECF No. 39 at 1; *see* ECF Nos. 61, 62. Defendants have not identified any plausible explanation for their refusals; the only plausible explanation based on the record is a bad faith refusal to comply with their obligations under the Federal Rules of Civil Procedure and this Court's orders. Accordingly, Plaintiffs have shown that this first factor militates in favor of default judgment.

### ii.   Defendants' noncompliance caused prejudice to Plaintiffs

In determining whether there was material prejudice caused to Plaintiffs, the court in *Mut. Fed. Sav. & Loan Ass'n* considered whether the defendants' noncompliance in discovery made it so that the plaintiffs "could not prove [their] case" because the "materiality of [the unproduced] documents [was] 'essential'" evidentiary support for their claims. 872 F.2d at 93. The court there determined that the defendant's failure to produce discovery documents as requested made it impossible for the plaintiff to prove their case. *Id.* Thus, the plaintiffs "suffered great prejudice." *Id.*

Here, Plaintiffs allege that Defendants failed to properly compensate them for overtime hours and that Defendants did not fully cooperate in the discovery process. *Id.*; ECF No. 63-1 at 2, 4–5 (citing ECF No. 63-10). Although Defendants produced some

---

[1] The initial discovery deadline was June 20, 2025 and the extended discovery deadline was November 6, 2025: a total extension of 141 days or 4 months and 2 weeks.

8

documents that supported Plaintiffs' core factual claims, Defendants' failure to respond to Plaintiffs' other discovery requests or otherwise participate in litigation significantly hampered Plaintiffs' ability to continue prosecuting the action. ECF No. 63-1 at 4 (citing ECF No. 63-10). Accordingly, Defendants have caused material prejudice to Plaintiffs through Defendants' noncompliance with discovery requests.

### iii.    There is a need to deter Defendants' behavior

The court may also consider reasons to deter disregard for court orders, not as punishment for Defendants' behavior, but to discourage "other litigants [flirting] with similar misconduct." *Mut. Fed. Sav. & Loan Ass'n*, 872 F.2d at 92 (citing *Nat'l Hockey League*, 427 U.S. at 634). Even when defendants make "efforts to comply," a court may still find a need to deter defendants' other noncompliance when "attempts were lastditch and only offered when it became crystal clear that [defendants] were going to lose the case unless" they complied with the court's orders. *Id.* at 94.

In the present case, Defendants entirely disregarded not one discovery deadline, but three. Plaintiffs have been almost entirely unable to contact Defendants since Defendants' counsel withdrew in May 2025. This behavior from Defendants has made the case stand still for months and has hindered Plaintiffs from presenting their case. Defendants also did not make any "lastditch" efforts to comply, including the fact that they did not appear for the hearing on this motion. *See id.*; ECF No. 73. There is a strong need to deter Defendants and other litigants from such behavior.

### iv.    Less drastic sanctions would not be effective

In considering whether other sanctions would be effective, the court may consider whether "other sanctions such as partial summary judgment or preclusion of certain defenses" would be more onerous for the court to consider without necessary

discovery or if monetary sanctions would be effective to securing compliance. *Id.* at 93. In *Mut. Fed. Sav. & Loan Ass'n*, the court held that less drastic sanctions, like awarding "attorney's fees at an earlier point in the discovery process," "threaten[ing] the defendants with contempt," or giving defendants a warning, would not secure the defendants' compliance. *Id.* Defendant Brooks Security did not secure new counsel prior to the deadline set by the Court, which is necessary if it were to proceed in this case given that an entity may not represent itself *pro se.* ECF No. 67 ¶ 3 (citing *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202 (1993); *Allied Colloids, Inc. v. Jadair, Inc.*, 139 F.3d 887 (table), 1998 WL 112719, at *1 (4th Cir. 1998); *Perez v. Silva*, 185 F. Supp. 3d 698, 706 (D. Md. 2016)). In addition, Defendants have not adhered to court-ordered deadlines for discovery on multiple occasions. *See e.g.* ECF No. 63-1 at 4–5. Defendants also did not respond to the motion for sanctions or appear for the February 4, 2026 hearing. Plaintiffs have shown that there are no sanctions short of granting default judgment that would induce Defendants to comply with their legal obligations.

> ### v.    Defendants received explicit and clear warnings from the Court and did not contest Plaintiffs' request for default judgment

The Court gave Defendants multiple opportunities to participate in this case by extending discovery deadlines more than once. ECF No. 39 (setting a discovery deadline of June 20, 2025); ECF No. 54 (extending deadline for discovery to October 9); ECF No. 62 (granting motion to extend deadline for discovery to December 15, 2025). Plaintiffs' counsel also warned Defendants' counsel that if they did not respond to outstanding discovery requests, Plaintiffs would move for default judgment. ECF No. 63-1 at 4; ECF No. 63-10. Defendants also received notice of Plaintiffs' eventual motion for default judgment and did not oppose the motion. ECF No. 64. Defendants' failure to attend the

hearing despite warnings that they may receive sanctions indicates that further warnings would be ineffective. Because the factors outlined in *Wilson* and *Mut. Fed. Sav. & Loan Ass'n* are met and Defendants received adequate notice, the sanction of default judgment will be granted.

### vi.   Sufficiently pleaded facts for liability

After a court has determined that a party may be entitled to default judgment as a sanction, it should also consider whether the plaintiffs have sufficiently alleged facts that, taken as true, "constitute a legitimate cause of action." *Marsh*, 2025 WL 744067, at *4 (quoting *Frozen Wheels, LLC v. Potomac Valley Home Med., Inc.*, Case No. 20-cv-2479-CCB, 2024 WL 1132092, at *3 (D. Md. Mar. 15, 2024)). Thus, Plaintiffs' complaint must include well-pleaded allegations of Defendants' violations of the FLSA, MWHL, and MWPCL. *Id.*

The FLSA provides, generally, that employers must pay employees overtime at "rates not less than one and one-half times the regular rate" of the employee's normal wage. 29 U.S.C. § 207. The MWHL and MWPCL provide essentially the same overtime pay requirements as the FLSA. Md. Code Ann., Lab. & Empl. §§ 3-415(a) & 3-420; Md. Code Ann., Lab. & Empl. §§ 3-502 & 3-505(a). Any hours worked in excess of 40 hours during one workweek constitute "overtime," unless an exception applies. Md. Code Ann., Lab. & Empl. § 3-420; 29 U.S.C. § 207(2)(C).

Plaintiffs allege that they were Defendants' employees, not independent contractors, that they worked overtime on multiple occasions, and that Defendants did not pay them the overtime wage to which they believe they are entitled. ECF No. 12 ¶¶ 19–30. As evidence of an employee-employer relationship between Plaintiffs and Defendants, Plaintiffs claim that they were "economically dependent" on Defendants, as

they would be an employer, and did not "hold[] themselves out as operators of independent security businesses" or treat Defendants as clients. *Id.* ¶¶ 22, 25. Further, Plaintiffs allege that Defendants oversaw Plaintiffs' quality of work, "told at least some Plaintiffs that they were 1099 workers" and could become W-2 employees, supervised Plaintiffs, and controlled wage rates, scheduling, uniforms, and promotions. *Id.* ¶¶ 17, 20, 23. Plaintiffs also allege that Defendants, as their employers, failed to pay Plaintiffs overtime wages when they worked over 40 hours, as is required by law, and instead paid Plaintiffs straight pay. *Id.* ¶ 27.

Accepting Plaintiffs' allegations as true, they have sufficiently established an employee-employer relationship and that they were not properly paid overtime wages as required under the FLSA, MWHL, and MWPCL. *See e.g. Schultz v. Cap. Int'l Sec., Inc.*, 466 F.3d 298, 305–310 (4th Cir. 2006) (holding that plaintiffs sufficiently alleged an employee-employer relationship under the FLSA when the defendants hired, fired, and paid security-agent-plaintiffs, subjected plaintiffs to their standard operating procedures, intended a long-term relationship, and had plaintiffs perform an integral part of defendants' business, and therefore plaintiffs were entitled to overtime payment under the FLSA). Thus, Plaintiffs have sufficiently pleaded facts to establish Defendants' liability.

### B.    Damages

Because the Court concludes that Plaintiffs are entitled to a default judgment, the next question is to what damages are Plaintiffs entitled. In the motion for sanctions, Plaintiffs request: (a) treble damages; (b) attorneys' fees and costs; and (c) any additional relief the Court deems appropriate. ECF 63-1 at 11–12.

Plaintiffs have asserted claims under the MWPCL and MWHL, which are state laws, and the FLSA, which is a federal law. The governing rule for the damages analysis based on Plaintiffs' state-law claims is found in the MWPCL, which states that treble damages may be awarded if "a court finds that an employer withheld the wage of an employee in violation of this subtitle and not as a result of a bona fide dispute," as well as attorneys' fees and costs.  Md. Code Ann., Lab. & Empl. § 3-507.2(b) (2024). A "bona fide dispute" is "'a legitimate dispute over the validity of the claim or the amount that is ow[ed]' where the employer has a good faith basis for refusing an employee's claim for unpaid wages." *Peters v. Early Healthcare Giver, Inc.*, 439 Md. 646, 657 (2014) (quoting *Admiral Mortg., Inc. v. Cooper*, 357 Md. 533, 543 (2000)). The burden is on the employer to show that a bona fide dispute exists. *Id.*; Md. Code Ann., Lab. & Empl. § 3-507.2(b). Here, Defendants failed to show a bona fide dispute, or a dispute at all. Thus, under the MWPCL, the statute authorizes damages up to three times the amount of lost wages. Md. Code Ann., Lab. & Empl. § 3-507.2(b).

Courts in this District, however, do not automatically award treble damages under the MWPCL. *See Cook v. Superior Assisted Living, LLC*, Case No. 24-cv-815-EA, 2025 WL 3134594, at *4 (D. Md. Nov. 7, 2025) (quoting *Fiallos* v. *Hamzah Slaughter House, LLC*, Case No. 20-cv-3577-JMC, 2022 WL 16540001, at *7 (D. Md. Oct. 28, 2022)). Instead, courts have discretion to award only double damages as authorized by the FLSA, even when a plaintiff elects to recover under the MWPCL or MWHL. *Id.*; *see also Butler v. PP&G, Inc.,* Case No. 20-cv-3084-JRR, 2023 WL 3580374, at *9 (D. Md. May 22, 2023), *report and recommendation adopted*, Case No. 20-cv-03084-JRR, 2023 WL 12090213 (D. Md. June 25, 2023) (citing *Fiallos*, 2022 WL 16540001, at *7). In determining whether to award the third multiple in calculating damages (*i.e.*,

whether to award double damages as authorized by the FLSA or to award triple damages as authorized by the MWPCL), courts in this District have generally looked to not only the absence of a bona fide dispute, but whether plaintiffs have "offer[ed] evidence of consequential damages attributable to the underpayments." *Cook,* 2025 WL 3134594, at *4 (citing *Fiallos*, 2022 WL 16540001, at *7). Consequential damages "occur when employees who are not properly paid are unable to meet their financial obligations." *Butler*, 2023 WL 3580374, at *8 (quoting *Clancy v. Skyline Grill, LLC*, Case No. 12-cv-1598-ELH, 2012 WL 5409733, at *8 (D. Md. Nov. 5, 2012), *report and recommendation adopted*, Case No. 12-cv-1598-ELH, 2013 WL 625344 (D. Md. Feb. 19, 2013)) (internal quotations omitted).

At the February 4, 2026 hearing, Plaintiffs were unable to offer evidence of any consequential damages resulting from the Defendants' underpayment of Plaintiffs. Although Plaintiffs state in the motion that "Defendants' dilatory litigation tactics have caused [them] further consequential damage," ECF No. 63-1 at 11, Plaintiffs did not make any more specific allegations or present any evidence of those consequential damages. Because Plaintiffs did not offer evidence of consequential damages, Plaintiffs will be awarded double the amount of their lost wages.

Plaintiffs have shown that they are entitled to attorneys' fees. Attorneys' fees are calculated using the lodestar method, which is "the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983). Plaintiffs have not yet filed a petition for the award of attorneys' fees and costs in order for the Court to conduct this evaluation. Therefore, Plaintiffs will be granted leave to file such a petition.

## IV.   CONCLUSION

For the forgoing reasons, the Motion for Sanctions and Default Judgment (ECF No. 63) will be granted in part and denied in part. Defendants are liable to Plaintiffs for violating the overtime provisions in the Fair Labor Standards Act, the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collection Law. The Court will award Plaintiffs double their lost wages. The Court will grant Plaintiffs leave to file a petition for attorneys' fees and costs. A separate order follows.


Date:  April 13, 2026

***/s/***
_____
Adam B. Abelson
United States District Judge
